# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

FILED BY _____ D.C.

05 DEC -7  AM 10: 59

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| ServiceMaster Residential/Commercial Services, L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 05-2754-DV |
| Stephanie Hill, Elzy Hill Jr., and Master Clean, Inc., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION

Before the Court is Plaintiff's, ServiceMaster Residential/Commercial Services, L.P. ("Plaintiff"), motion for preliminary injunction. Plaintiff requests that the Court grant a preliminary injunction preventing Stephanie Hill, Elzy Hill Jr., (the "Hills") and Master Clean Inc. ("Master Clean," together with the Hills "Defendants") from using the name "Master Clean" or any or all of the trademarks associated with "ServiceMaster" or "ServiceMaster Clean." Plaintiff also requests a preliminary injunction preventing Defendants from diverting or attempting to divert any business or customer of the Hills' former ServiceMaster Clean business to any competitor, including Master Clean, Inc., by direct or indirect inducement or otherwise, or to perform, directly or indirectly, any other act injurious or prejudicial to the goodwill associated with ServiceMaster Clean's proprietary trademarks or Business System. Additionally, Plaintiff seeks a preliminary injunction against the Hills preventing them from owning, maintaining, engaging in, or having any interest in any other

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

(32)

business which performs any of the various programs and services licensed by ServiceMaster Clean within Cobb County, Georgia or within 75 miles of Cobb County for one (1) year from the date of said injunctions. Finally, Plaintiff seeks a preliminary injunction preventing the Hills from failing to comply with all post-termination obligations in the Franchise Agreement between Plaintiff and the Hills. The Court has jurisdiction based on the federal trademark laws of the United States, 15 U.S.C. §§ 1051–1127, and 28 U.S.C. § 1331 and § 1338. For the following reasons, the Court grants in part and denies in part Plaintiff's motion for preliminary injunction.

## I.      Background Facts

Plaintiff is in the business of developing and franchising a business system for residential and commercial cleaning through a network of authorized franchisees. Plaintiff operates under the registered trademark of "ServiceMaster Clean." On November 11, 2002, Plaintiff entered into a ServiceMaster Clean Franchise Agreement ("Franchise Agreement") with Hilltech ("Hilltech"), a corporation owned by the Hills. The Hills signed a Personal Guaranty, agreeing to comply with the Franchise Agreement in their individual capacities. The Franchise Agreement authorized Hilltech to operate a business as a ServiceMaster Clean franchisee in Cobb County, Georgia. Defendants operated their ServiceMaster Clean business as "ServiceMaster by Hills." The Franchise Agreement authorized Hilltech to use the names, trademarks, service marks, and other assets of ServiceMaster Clean. It also gave Hilltech access to training, resources, and support as franchisees of ServiceMaster Clean.

After entering into the Franchise Agreement, Hilltech failed numerous time to make the required royalty and advertising payments due under the terms of the Franchise Agreement. On August 31, 2004, Plaintiff provided Hilltech with a letter stating its notice of intent to terminate the

Franchise Agreement due to Hilltech's failure to pay the due royalty and advertising fees. Plaintiff terminated the Franchise Agreement in September 2004 because Hilltech had failed to remedy the defaults set forth in the notice of intent to terminate. The September 2004 notice of intent to terminate clearly ordered the Hills and Hilltech to comply with the post-termination obligations contained in the Franchise Agreement.

In October 2004, Hilltech transferred substantially all of its assets, including all assets used in the operation of its former ServiceMaster Clean business, to Master Clean, Inc. The Hills own Master Clean and continue to operate Master Clean, a cleaning service business, in the same location as Hilltech's former ServiceMaster Clean franchise location. Defendants are using the ServiceMaster Clean Marks, including phone numbers associated with ServiceMaster Clean's Marks in current phone books and on-line directories, without ServiceMaster Clean's permission.

The Hills filed for bankruptcy under Chapter 7 of the Bankruptcy Code on January 31, 2005. On September 1, 2005, the United States Bankruptcy Court for the Northern District of Georgia granted a lift stay allowing ServiceMaster Clean to enforce the non-monetary post-termination obligations of the Franchise Agreement for breaches the Hills committed after they had filed their bankruptcy petition.

On October 11, 2005, Plaintiff filed a Complaint in this Court. Along with its Complaint, Plaintiff filed a Motion for Preliminary Injunction, the issue currently before the Court.

## II.    Legal Standard

A preliminary injunction is "an extraordinary and drastic remedy" which should be granted with great caution. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quoting A. C. Wright et al., Federal Practice and Procedure § 2948, 129–30 (2d ed. 1995)). When faced with a motion for

3

a preliminary injunction, the district court must consider four factors: 1) the plaintiff's likelihood of success on the merits, 2) whether the plaintiff would suffer irreparable harm without the injunction, 3) whether granting the injunction will cause substantial harm to others, and 4) the impact of the injunction on the public interest. <u>Leary v. Daeschner</u>, 228 F.3d 729 (6th Cir. 2000). These factors are not prerequisites that must be satisfied before a court can issue a preliminary injunction; therefore, no single factor will be determinative of the grant or denial of an injunction. <u>See Performance Unlimited, Inc. v. Questar Publishers, Inc.</u>, 52 F.3d 1373, 1381 (6th Cir. 1995). Rather, the district court should balance all four factors in determining whether to grand or deny the injunction. <u>See id.</u>

To satisfy the criterion of likelihood of success on merits, a plaintiff must do more than show the mere possibility of success in its substantive claims. <u>Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.</u>, 119 F.3d 393, 402 (6th Cir. 1997). It is ordinarily sufficient, however, "if the plaintiff has raised questions going to the merits [that are] so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." <u>Id.</u>

To show irreparable harm, as a general rule, a plaintiff must show that money damages would not adequately compensate it for the asserted harm. <u>See Basicomputer Corp. v. Scott</u>, 973 F.2d 507, 511 (6th Cir. 1992). There are several exceptions to this rule. <u>See id.</u> For example, if the total damages associated with the plaintiff's loss would be difficult to calculate, then damages would not adequately compensate the plaintiff for its injury, and injunctive relief would be appropriate. <u>Id.</u>

Section 43(a) of the Lanham Act provides, in pertinent part, that:

[a]ny person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading

4

description of fact, or false or misleading representation of fact, which ... is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person ... shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a). The Sixth Circuit has stated that a plaintiff under the Lanham Act may be entitled to a preliminary injunction "upon demonstrating, at a minimum, a likelihood of confusion among consumers as to the origin of the goods and services provided by defendant resulting from the defendant's use of the disputed mark, as well as irreparable harm to the plaintiff's interests." Frisch's Restaurant, Inc. v. Shoney's Inc., 759 F.2d 1261, 1264 (6th Cir. 1985). The court, in determining the likelihood of confusion, will consider the following factors: "strength of the plaintiff's mark; relatedness of the goods; similarity of the marks; evidence of actual confusion; marketing channels used; likely degree of purchaser care; defendant's intent in selecting the mark; and likelihood of expansion of the product lines." Esercizio v. Roberts, 944 F.2d 1235, 1241–42 (6th Cir. 1991). The party claiming infringement does need to show all of these factors to prevail. Id. at 1242.

## III. Analysis

### A. Trademark Infringement

Plaintiff seeks a preliminary injunction enjoining the Hills from continuing to use Plaintiff's Marks in operation of Defendant's business. As stated previously, the Sixth Circuit has stated that a plaintiff under the Lanham Act may be entitled to a preliminary injunction "upon demonstrating, at a minimum, a likelihood of confusion among customers as to the origin of the goods and services provided by defendant resulting from the defendant's use of the disputed marks, as well as

irreparable harm to the plaintiff's interests." <u>Frisch's Restaurant, Inc. v. Shoney's Inc.</u>, 759 F.2d 1261, 1264 (6th Cir. 1985). The Franchise Agreement prohibits the Hills from using Plaintiff's Marks, stating that:

> The Franchisee acknowledges that its right and license to use the Proprietary Marks is limited to the scope of the non-exclusive license granted in this Agreement and that any unauthorized use of the Proprietary Marks including, but not limited to, use of the Proprietary Marks in connection with any program other than the Program licensed to the Franchisee in this Agreement, shall constitute an infringement on the Proprietary Marks and of the Franchisor's rights relating to the licensed Proprietary Marks. Accordingly, the Franchisee expressly agrees not to use the Proprietary Marks for any program except as expressly authorized in this Agreement and not to commit or aid in committing any act of infringement or misuse of the Proprietary Marks, either during or after the term of this Agreement.

Plaintiff claims that Defendants continue to use phone numbers associated with Plaintiff's trademarks in current phone books and on-line directories. Plaintiff also claims that Defendants' behavior is likely to cause customer confusion as to the connection between Defendants' operation and Plaintiff's operation, especially because the Hill's Master Clean business is being operated in the same location as Hilltech's former ServiceMaster Clean franchise location. These two circumstances demonstrate that there is a likelihood of confusion as to the origins of Defendants' goods and services.

To support its claim of irreparable harm, Plaintiff relies on various cases, which hold that damages to a trademark holder's goodwill can constitute irreparable injury and that establishing a likelihood of confusion indicates the existence of an irreparable injury. Plaintiff claims that Defendants' actions are causing Plaintiff to experience harm to its goodwill because Plaintiff has no control over how Defendants are using Plaintiff's Marks. Often times a company's good will is its most important asset. It is likely that damaging a company's good will would cause irreparable

injury to the company.

Because Plaintiff has demonstrated a likelihood of confusion and an irreparable harm that will result from Defendants' continued violations, this Court grants Plaintiff's motion for preliminary injunction enjoining Defendants' from continuing to use Plaintiff's Marks in operation of Defendants' business.

B.      *Covenant Not to Compete*

Plaintiff alleges that Defendants should be enjoined from competing with Plaintiff pursuant to the post-termination covenant not to compete contained in the Franchise Agreement. The post-termination covenant not to compete states that:

> [t]he Franchisee covenants that for a period of one (1) year after the expiration or termination of this Agreement, regardless of the cause of termination, ... Franchisee shall not, either directly or indirectly, for itself or through, on behalf of, or in conjunction with any other person, persons, partnership or corporation, do or engage in any act proscribed in Paragraph 15.2 of this Agreement, except that the restriction contained in paragraph 15.2.3 of this Agreement, shall be limited during the post term period to within the Territory described in Paragraph 1.1 of this Agreement and a 75 mile radius thereof.

Section 15.2 of the Franchise Agreement prohibits the franchisee from diverting or attempting to divert any business or customer from the franchisor, from attempting to induce any of franchisor's employees into leaving franchisor's employment, and from maintaining, engaging in, or owning any other business which performs the same functions as the franchisor. On August 31, 2004, Plaintiff provided Hilltech and the Hills with a letter stating its notice of intent to terminate the Franchise Agreement. In September 2004, Plaintiff carried through with its notice of intent and terminated the Franchise Agreement. The following month Hilltech transferred substantially all of its assets, including all assets used in operation of its former ServiceMaster Clean business, to Master Clean.

7

The post-termination covenant not to compete prohibits the franchisee from engaging in the franchisor's business or attempting to divert any business or customer from the franchisor for a period of one year from the date of the termination or expiration of the Franchise Agreement. Plaintiff terminated the Franchise Agreement in September 2004, which means that the post-termination covenant not to compete was in effect from September 2004 until September 2005. Because Plaintiff did not initiate this suit until October 11, 2005, the term of the covenant not to compete had already expired. The fact that the Hills filed for bankruptcy on January 31, 2005 did not toll the one year duration of the covenant not to compete because the Franchise Agreement was already terminated at the time the Hills filed for bankruptcy. Had Plaintiff asserted its rights prior to September 2005, this Court may have been able to enforce the covenant not to compete, but because the one year period has already expired, this Court denies Plaintiff's request for a preliminary injunction enforcing the post-termination covenant not to compete.

## IV.   Conclusion

Based on the submissions of the parties and the arguments of the counsel, the Court **GRANTS** Plaintiff's application for a preliminary injunction enjoining Defendants from continuing to use Plaintiff's Marks in operation of Defendant's business. The Court **DENIES** Plaintiff's application for a preliminary injunction enjoining Defendants from competing with Plaintiff pursuant to the post-termination covenant not to compete contained in the Franchise Agreement.

Accordingly, the Court enters a preliminary injunction that requires Defendants to discontinue using Plaintiff's Marks in operation of Defendant's business until the conclusion of this case or until further orders of this Court. This Order shall expire upon completion of a trial on the

merits or upon further orders of this Court.

**IT IS SO ORDERED** this _____7th_____ day of _____December_____ , 2005.


BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

9

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 32 in case 2:05-CV-02754 was distributed by fax, mail, or direct printing on December 7, 2005 to the parties listed.

---

Joseph K. Agostino
MILLER HAMILTON SNIDER & ODOM, LLC
1175 Peachtree Street, N.E.
100 Colony Square, Suite 1920
Alanta, GA 30361

Paul B. Billings
LAW OFFICE OF PAUL B. BILLINGS, JR.
6555 Quince Rd.
Ste. 109
Memphis, TN 38119

Timothy W. Boyd
MILLER HAMILTON SNIDER & ODOM, LLC
1175 Peachtree Street, N.E.
100 Colony Square, Suite 1920
Alanta, GA 30361

John Lewis Wardlaw
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

David Wade
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Michael R. Gray
GRAY PLANT MOOTY MOOTY & BENNETT, P.A.
80 S. Eighth St.
500 IDS Center
Minneapolis, MN 55402

Honorable Bernice Donald
US DISTRICT COURT